UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARLEY S. GOODALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-236 |
| | ) | (VARLAN/GUYTON) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 11 and 12] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 18 and 19]. Plaintiff Marley S. Goodall seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On September 22, 2004, the Plaintiff filed an application for disability insurance benefits, claiming disability as of September 3, 1999. [Tr. 14]. After her application was denied initially and also denied upon reconsideration, Plaintiff requested a hearing. On December 20, 2006, a hearing was held before an ALJ to review determination of Plaintiff's claim. [Tr. 14] On April 6, 2007, the ALJ found that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review; thus the decision of the ALJ became the final decision of the Commissioner. Plaintiff now

seeks judicial review of the Commissioner's decision.

## I.     ALJ FINDINGS

The ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2004.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of September 3, 1999 through her date last insured on December 31, 2004 (20 CFR 404.1520(b) and 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: lumbar and cervical pain with a history of fusion surgeries in the past, left ankle pain with history of fusion surgery, and depressive disorder (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520, 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform work not requiring lifting more than 20 pounds occasionally or 10 pounds frequently; more than occasionally climbing, stooping, bending, crouching, kneeling, crawling or balancing; sitting more than one hour at a time without the ability to move for comfort; standing or walking more than about six hours in [a] work day or for more than 30 minutes at a time without changing position; more than occasionally reaching overhead with either arm; or constant twisting or turning of the head. She has the ability to understand and remember non-complex tasks, she can concentrate on non-complex tasks, interact with co-workers, supervisors and the public; and adapt to routine work circumstances.

6. Through the date last insured, the claimant's past relevant work as floral designer did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant was not under a disability as defined in the Social

Security Act, at any time from September 3, 1999, the alleged onset date, through December 31, 2004, the date last insured (20 CFR 404.1520(f)).

[Tr. 16-22.]

## II. DISABILITY ELIGIBILITY

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past

3

relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III.  STANDARD OF REVIEW

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, Plaintiff bears the burden of proving her entitlement to

4

benefits. Boyes v. Sec'y. of Health & Human Serv.,46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

IV.  ANALYSIS

On appeal, the Plaintiff argues that the ALJ's disability determination is not supported by substantial evidence. The Plaintiff contends the ALJ erred by finding that the Plaintiff retained the residual functional capacity ("RFC") to complete light work by discounting the Plaintiff's subjective complaints. [Doc. 12 at 4]. The Commissioner, in response, contends substantial evidence supports the ALJ's disability determination. [Doc. 19 at 7].

In determining that the Plaintiff's subjective complaints were not entirely consistent with the record and explaining his decision to discount the complaints, the ALJ reviewed the medical evidence in the record, [Tr. 16-17], and further stated:

> Her daily activities are not limited to an extent consistent with her subjective complaints. In addition to the daily activities reported to Ms. Branton, the psychological examiner, she testified that she shares the housework with her husband, still does some limited gardening, swims during the summer, does some walking, and watched television for most of the day. Her appetite was fine.

[Tr. 20].

Social Security Ruling 96-7p addresses assessing the credibility of a claimant's statements. It instructs:

> 2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. . . .
>
> 3. Because symptoms, such as pain, sometimes suggest a greater

5

severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. . . .

In the present case, the ALJ found that the Plaintiff's lumbar and cervical pain and history of fusion surgeries constituted a severe impairment, pursuant to 20 C.F.R. § 404.1520(c). Thus, an impairment that could produce such pain having been established, the ALJ then evaluated "the intensity, persistence, and functionally limiting effects of the symptoms [that accompanied the lumbar and cervical impairment] . . . to determine the extent to which the symptoms affect [the Plaintiff's] ability to do basic work activities." SSR 96-7b. The ALJ determined that the Plaintiff's subjective complaints were "not entirely credible with respect to the alleged persistence and intensity of her symptoms." [Tr. 20]. Based upon this credibility determination and his review of the evidence in record, the ALJ concluded that the Plaintiff retained the RFC to complete light work with certain enumerated restrictions.[1]

After consulting the medical evidence in the record, the ALJ considered the daily activities the Plaintiff reported to consultative examiner Pamela Branton, M.S., on January 29, 2005. This

---

[1] Generally, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. . . ." 20 C.F.R. § 1567.

6

visit took place about a month after the Plaintiff's last insured date, and among other things, the Plaintiff reported that she was able to cook one meal per day, grocery shop twice a month, complete housekeeping, do laundry about three to four times per week, and drive twice a week, so long as she was allowed to take breaks. [Tr. 306]. As the ALJ noted, the Plaintiff testified at the hearing held on December 20, 2006 that she planted flower beds [Tr. 501], completed grocery shopping with her husband [Tr. 501], did housework with her husband [Tr. 501, cooked [Tr. 502], shared laundry responsibilities with her husband [Tr. 502], retained her appetite [Tr. 502-03], walked regularly for exercise [Tr. 503], swam in the summer [Tr. 503], had no difficulties getting dressed [Tr. 503], and was able to lift twenty pounds occasionally [Tr. 504]. While the Plaintiff's testimony that she watched television for most of the day [Tr. 503] may not undermine her subjective complaints, the remainder of these activities are inconsistent with her complaints that her pain is so severe that it prevents her from working at all.

Further, this testimony and the ALJ's RFC are consistent with the consulting physicians' functional capacity analyses. For example, after examining the Plaintiff on January 25, 2005, Jeffrey Summers, M.D., found that the Plaintiff would: "have difficulty twisting/turning her head and elevating her arms above shoulder level as well as reaching/pushing/pulling and lifting/carrying greater than 20 lbs with her upper extremities;" be limited in her ability to bend, stoop and lift greater than 20 lbs; and have "difficulty with standing and walking for greater than 30 minutes continuously or more than 6 hours total in a single workday." [Tr. 302]. Reviewing physician, Andrew Miller, M.D., similarly opined that the Plaintiff could: occasionally lift 20 pounds, frequently lift 10 pounds, and stand and/or walk about 6 hours in an 8-hour workday. [Tr. 327].

The Plaintiff points the Court to records of her visits to treating physician, Jerry Bradley, M.D., ("Dr. Bradley"), which she argues constitute objective evidence supporting her subjective

7

complaints. The dictation entries cited by the Plaintiff do include complaints of continuing pain and discomfort [Tr. 361] and evidence prescriptions for pain [Tr. 368-69]. However, in both instances where the Plaintiff was prescribed pain medication, she had recently returned from extended trips or vacations. [See Tr. 368 (noting recent return from a wedding in Minnesota) and Tr. 369 (noting recent return form Mexico)]. The Plaintiff's capacity for undertaking such trips despite this pain is consistent with the ALJ's finding. An examination of Dr. Bradley's notes and the other objective medical evidence in the record shows that, while the Plaintiff experienced pain, her subjective complaints likely exaggerated its debilitating effect.

The Plaintiff cites to MRI records which Dr. Bradley ordered between 2003 and 2005. However, after reviewing these MRIs, Dr. Bradley never made a finding that the Plaintiff's pain was severe enough to limit her exertional capacity. For example, in a dictation entry about two weeks prior to ordering an MRI on July 24, 2003, Dr. Bradley noted that the Plaintiff had some weakness when on exertion, [Tr. 362]. However, in his entry on August 27, 2003, which reviewed the MRI findings, Dr. Bradley did not find any exertional limitations. [Tr. 361]. The fact that MRIs were taken, standing alone, does not constitute objective evidence supporting the Plaintiff's subjective complaints, and a review of the accompanying physician analysis demonstrates that these MRIs did not corroborate the limited exertional capacity alleged by the Plaintiff.

The Plaintiff's arguments are insufficient to overcome the significant deference owed an ALJ's credibility finding. See Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 542 (6th Cir. 2007) ("[A]n ALJ's credibility determinations about the claimant are to be given great weight . . . .").

In sum, the Court has reviewed the evidence of record including the records from visits with the Plaintiff's treating physician Dr. Bradley, the opinions of consulting physicians, and the Plaintiff's own admissions about her continued capacity for activities. Based on this review, the

8

Court finds that the ALJ's decision that the Plaintiff's subjective complaints were not fully credible is supported by substantial evidence, and that, therefore, the ALJ's determination that the Plaintiff retained the RFC to complete light work is supported by substantial evidence. The ALJ presented this RFC to Vocational Expert ("VE") Julian Nadolsky, who concluded that while the Plaintiff could not perform her prior work as a floral designer in the way that she had previously performed it which included heavy lifting, she could perform it in the way it is typically performed which entails only light work. [Tr. 508-10]. Further, VE Nadolsky concluded that other light work, which would accommodate her exertional and nonexertional restrictions existed in the national economy in significant numbers. [Tr. 510-11].

## V. CONCLUSION

Accordingly, the Court finds that the ALJ properly reviewed and weighed the evidence. Substantial evidence supports the ALJ's findings and conclusions. Therefore, it is hereby **RECOMMENDED**[2] that Plaintiff's Motion For Summary Judgment **[Doc. 11]** be **DENIED** and that the Commissioner's Motion for Summary Judgment **[Doc. 18]** be **GRANTED**.

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).